[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence October 27, 1993 Date of Application November 15, 1993 Date Application Filed November 16, 1993 Date of Decision September 26, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket Number: CR 4 — 203239
Timothy C. Moynahan, Esq., Defense Counsel, for Petitioner.
Edward Ricciardi, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was 18 years of age at the time of sentencing, was convicted following a trial by jury of Larceny, 1st degree (§ 53a-122(a)(3) and Conspiracy to Commit Larceny, 1st degree (§§ 53a-48 and 53a-122(a)(3).
He was sentenced to concurrent terms on each count to 12 years, execution suspended after 7 years, with a 5 year probationary period to follow incarceration. The total effective sentence imposed was 12 years, execution suspended after 7 years with the probationary period.
The petitioner was involved with two others in the theft of a $17000 vehicle which was taken to a salvage shop owned by one of them where it was dismantled with its parts being used to rebuild another vehicle, which in turn was sold with false titles to an unsuspecting buyer. This procedure is commonly called a "chop-shop" operation.
In asking for a reduction, counsel for the petitioner points out that the State's Attorney referred to criminal cases then pending against the petitioner — cases which were later disposed of by nolle and not conviction. Those cases included Larceny 1st degree, Arson, 3rd degree, Larceny 3rd degree, Insurance Fraud and Tampering with a witness. He asks the Division to consider the non-violent nature of the crimes, that the sentencing court was likely negatively influenced by an ex-parte communication from a Wolcott police detective, that the Court did not adequately articulate the reasoning behind the sentence imposed and that the sentence was unduly harsh and disproportionate.
The State's Attorney points out that the petitioner was exposed to 40 years and that the Court tailored the sentence to be proportionate to that of the co-defendants.
The Court specifically stated it would not consider Detective Charette's ex-parte communication. We have no reason to think otherwise.
The trial of these cases commenced in mid June, 1993 and ended at the end of August. The Court had significant opportunity to assess the character of the petitioner and his involvement in the crimes alleged. At sentencing the Court specifically commented on the character of the petitioner and it was singularly unimpressed (Tscpt. page 77). CT Page 11270
It is the Division's responsibility to examine a sentence pursuant to the provisions of Practice Book § 942. The Division, pursuant to that charge, does not find the sentence to be inappropriate or disproportionate, and it is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.